UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MELVIN FOLEY, Individually and On Behalf of All Others Similarly Situated, §§§§§ Plaintiff, §§ v. §§ WEIMAR MEDICAL HOLDINGS LLC §§ d/b/a WEIMER MEDICAL CENTER; §§ PRICE FAMILY CAPITAL §§ PARTNERS, LLC; FRANCIS L. §§ PRICE; MACKENZIE L. PRICE and §§ IRVIN B. SAWYERS, JR., §§§ Defendants. § | No. _____  JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Melvin Foley (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendants Weimer Medical Holdings LLC d/b/a Weimer Medical Center; Price Family Capital Partners, LLC; Francis L. Price; Mackenzie L. Price; and Irvin B. Sawyers, Jr. (collectively referred to as "Weimer Medical Center"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1.  Foley's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Weimer Medical Center violated the FLSA by employing Foley and other similarly situated nonexempt employees at a rate below the statutory minimum wage. 29 U.S.C. § 206(a)(1)(C).

4. Weimer Medical Center violated the FLSA by employing Foley and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. Weimer Medical Center violated the FLSA by failing to maintain accurate time and pay records for Foley and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

6. Foley brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages.

## II. Jurisdiction & Venue

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

8. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Weimar Medical Center resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Foley's claims occurred in the Houston Division of the Southern District of Texas.

## III. Parties

9. Foley is an individual who resides in Lavaca County, Texas and who was employed by Weimer Medical Center during the last three years.

10. Weimer Medical Holdings LLC d/b/a Weimer Medical Center is a Delaware limited liability company that may be served with process by serving its registered agent, Irving B. Sawyers, Jr. at 400 Youens, Weimer, Texas 78962. Alternatively, if the registered agent of Weimer Medical Holdings LLC cannot with reasonable diligence be found at the company's registered office, Weimer Medical Holdings LLC may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

11. Price Family Capital Partners, LLC is a Delaware limited liability company that may be served with process by serving its registered agent, Irving B. Sawyers, Jr. at 400 Youens, Weimer, Texas 78962. Alternatively, if the registered agent of Price Family Capital Partners, LLC cannot with reasonable diligence be found at the company's registered office, Price Family Capital Partners, LLC may be served with process by

serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

12. Francis L. Price is an individual who may be served with process at 180 N. Riverview Dr., Ste. 165, Anaheim, CA 92808 or wherever he may be found.

13. Mackenzie L. Price is an individual who may be served with process at 180 N. Riverview Dr., Ste. 165, Anaheim, CA 92808 or wherever he may be found.

14. Irvin B. Sawyers, Jr. is an individual who may be served with process at 400 Youens, Weimer, Texas 78962 or wherever he may be found.

15. Whenever it is alleged that Weimer Medical Center committed any act or omission, it is meant that Weimer Medical Center's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Weimer Medical Center or was done in the routine and normal course and scope of employment of Weimer Medical Center's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

16. Weimer Medical Center operates a hospital in the territorial jurisdiction of this Court.

17. Weimer Medical Center employed Foley and approximately fifty-two other similarly situated employees during the last three years.

18. Weimer Medical Center employed Foley as a licensed vocational nurse ("LVN").

19.     During Foley's employment with Weimer Medical Center, he was engaged in commerce or in the production of goods for commerce.

20.     During Foley's employment with Weimer Medical Center, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

21.     Weimer Medical Center paid Foley and all others similarly situated on an hourly basis.

22.     In or around the beginning of November of 2016, Weimer Medical Center required Foley and all others similarly situated to work without payment; in other words all employees of Weimer Medical Center were required to work for free.

23.     The working-for-free arrangement caused Foley and all other employees' regular rate to fall below the statutory minimum wage in violation of 29 U.S.C. § 206(a)(1).

24.     During Foley's employment with Weimar Medical Center, he and all others similarly situated regularly worked in excess of forty hours per week.

25.     Weimer Medical Center knew or reasonably should have known that Foley and all others similarly worked in excess of forty hours per week.

26.     Weimer Medical Center did not pay Foley and all others similarly situated overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

27. Instead, Weimer Medical Center required Foley and all others similarly situated to work for free.

28. Weimer Medical Center knew or reasonably should have known that Foley and all others similarly situated were not exempt from the minimum wage or overtime provisions of the FLSA.

29. As a result of these failures, Weimer Medical Center did not pay Foley and all others similarly situated at the statutory minimum wage nor did it them pay overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. §§ 206(a)(1), 207(a)(1).

30. Weimer Medical Center failed to maintain accurate time and pay records for Foley and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

31. Weimer Medical Center knew or showed a reckless disregard for whether its pay practices violated the FLSA.

32. Weimer Medical Center is liable to Foley and other similarly situated nonexempt employees for their unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

33. All employees employed by Weimer Medical Center during the last three years are similarly situated to Foley because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are required to work for free; (4) are not paid at the minimum wage as required by 29 U.S.C. § 206(a)(1) and/or are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1)

and (6) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Weimar Medical Center pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure To Pay the Minimum Wage in Violation of 29 U.S.C. § 207(a)

34. Foley adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

35. During Foley's employment with Weimer Medical Center, he was a nonexempt employee.

36. As a nonexempt employee, Weimer Medical Center was legally obligated to pay Foley at the statutory minimum wage. 29 U.S.C. § 206(a)(1).

37. Weimer Medical Center failed to pay Foley for the hours he worked at the statutory minimum wage.

38. Specifically, in or around the beginning of November 2016, Weimer Medical Center began requiring Foley and all other employees to work for free. As a result, the wages paid to Foley and others similarly situated were less than the minimum wage in violation of 29 U.S.C. § 206(a)(1).

39. If Weimer Medical Center classified Foley as exempt from the minimum wage requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the minimum wage requirements of the FLSA.

40. Weimer Medical Center knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, Weimer Medical Center willfully violated the minimum wage requirements of the FLSA.

## VI. Count Two—
## Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

41. Foley adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. During Foley's employment with Weimer Medical Center, he was a nonexempt employee.

43. As a nonexempt employee, Weimer Medical Center was legally obligated to pay Foley "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

44. Weimer Medical Center did not pay Foley overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

45. Instead, Weimer Medical Center either did not pay Foley at all for the hours he worked nor did it count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., Weimer Medical Center required Plaintiff to work for free).

46. As a result of these failures, Weimer Medical did not pay Foley and others similarly situated overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

47. If Weimer Medical Center classified Foley as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

48. Weimer Medical Center knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Weimer Medical Center willfully violated the overtime requirements of the FLSA.

### VII.  Count Three—Collective Action Allegations

49. Foley adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

50. On information and belief, other employees have been victimized by Weimer Medical Center's violations of the FLSA identified above.

51. These employees are similarly situated to Foley because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied regular wages at the minimum wage and overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

52. Weimer Medical Center's policy or practice of failing to pay minimum wage and overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

53. Since, on information and belief, Foley's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

54. All employees of Weimer Medical Center, regardless of their rates of pay, who were not paid at the minimum wage for all hours worked and/or at a rate not less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of

damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All nonexempt employees employed by Weimer Medical Center during the last three years.

55. Weimer Medical Center is liable to Foley and the other nonexempt employees it employed for the difference between what it actually paid them and what it was legally obligated to pay them.

56. Because Weimer Medical Center knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Foley and the other nonexempt employees their unpaid regular and overtime wages for at least the last three years.

57. Weimer Medical Center is liable to Foley and the other nonexempt employees in an amount equal to their unpaid regular and overtime wages as liquidated damages.

58. Weimer Medical Center is liable to Foley and the other nonexempt employees for their reasonable attorneys' fees and costs.

59. Foley has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

60. Foley demands a trial by jury.

## X. Prayer

61. Foley prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Foley and the other hourly employees all unpaid regular and overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s);

   f. all such other and further relief to which Foley and the other nonexempt employees may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
S.D. Tex. Bar No. 25122
Curt Hesse
State Bar No. 24065414
S.D. Tex. Bar No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF MELVIN FOLEY**